294 S.E.2d 469

**Alberta SMITH, as Administratrix, etc.**

v.

**The BOARD OF EDUCATION OF COUNTY OF KANAWHA, et al.**

**No. 15420.**

Supreme Court of Appeals of West Virginia.

July 15, 1982.

---

Gregory W. Evers, Dues, Tyree & Hicks and Theodore Dues, Jr., Charleston, for appellant.

Love, Wise, Robinson & Woodroe, John O. Kizer and Jo Walton Eaton, Charleston, for appellees.

PER CURIAM:

Appellant, Alberta Smith, appeals from a November 21, 1980 final order of the Circuit Court of Kanawha County dismissing the appellees, the Kanawha County Board of Education and its individual members, as defendants in the appellant's action. The trial judge concluded that the school board, and its members, were immune from suit under *Boggs v. Board of Education of Clay County*, 161 W.Va. 471, 244 S.E.2d 799 (1978).

*Ohio Valley Contractors v. Board of Education of Wetzel County*, W.Va., 293 S.E.2d 437 (1982) issued during the pendancy of this appeal, overruled *Boggs*. Appellant contends that *Ohio Valley Contractors* requires that we reverse the trial court's dismissal of the appellees. We agree.[1]

The facts giving rise to the appellant's action below may be briefly stated. Appellant is the administratrix of the estate of her son, Arthur C. Smith. Arthur Smith was a student at Hayes Junior High School, a school operated by the Kanawha County Board of Education in St. Albans, West Virginia. On February 9, 1980, while attending Hayes Junior High School, Arthur Smith was injured by a fellow student. Smith subsequently died.

Appellant alleges, in her complaint, that the Kanawha County Board of Education, and its individual members, "were negligent ... by knowingly permitting" certain conditions at Hayes Junior High School which threatened the safety of Arthur Smith, and which resulted in his death.

The trial court dismissed the Kanawha County Board of Education and its individual members under the *Boggs* doctrine of immunity. The principal and vice-principal at Hayes Junior High School were retained as defendants. *Ohio Valley Contractors, supra*, held in its single syllabus: "Local boards of education do not have state constitutional immunity nor common law governmental immunity from suit." It is clear that the trial judge erred in dismissing the Kanawha County Board of Education and its individual members as defendants on the basis of immunity.

Accordingly, the final order of the Circuit Court of Kanawha County dismissing appellees is reversed and this case is remanded with directions that the Kanawha County School Board and its individual members be reinstated as defendants.[2]

Reversed and remanded with directions.

---

1. Appellees contend that the rule enunciated in *Ohio Valley Contractors* should not be applied to this case. This appeal was filed on July 20, 1981. *Ohio Valley Contractors* was decided on March 5, 1982. The case *sub judice* was argued and submitted for decision on May 5, 1982. *Ohio Valley Contractors* is, therefore, applicable to this case. See *King v. Wayne County Board of Education*, 170 W.Va. 710, 296 S.E.2d 351 (1982).

2. Appellee asserts that the individual school board members should have been dismissed as defendants because they could not be held liable for the acts alleged in appellant's complaint. This contention was not ruled on by the trial court in dismissing the individual members from the case. We cannot say that appellant could prove no set of facts which would support individual liability, and accordingly reverse the dismissal of the individual defendants, as well as that of the Kanawha County Board of Education.